N. B. BRANDAMOUR *et al.*

*v.*

GARRETT TRANT *et al.*

DAMAGES — *measure of — affected by time — when deemed material.* In an action upon an injunction bond, the declaration alleged that the writ issued September 22, 1864, and was dissolved October 24th following. *Held,* that proof of the market value of the grain affected by the injunction, on the 30th of November, 1864, was inadmissible; that the liability of the defendants was to be measured by proof of the value at the time the writ issued and when it was dissolved.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. M. WILLIAMSON, Judge, presiding.

The facts in this case are fully stated in the opinion.

Messrs. INGERSOLL & PUTERBAUGH, for the plaintiffs in error.

Messrs. JOHNSON & HOPKINS, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt in the Circuit Court of Peoria county, brought by Garrett Trant and the First National Bank of Peoria against N. B. Brandamour and Philip Bender, on an injunction bond.

The defendants demurred, generally, to the declaration, and on the demurrer being overruled, they filed there pleas, but as no questions arise upon either of them, they will not be noticed.

There was a trial by jury and a verdict for $2,500 debt, and $636.47 damages. A motion for a new trial was overruled, and also a motion in arrest of judgment, whereupon the court rendered a judgment for the amount of the debt and the damages, and this, among others, is assigned as error. The error is confessed by defendants in error, who admit the judgment must be reversed therefor; but they ask this court, if no other error be found in the record, that the proper judgment shall be entered here as in the case of *Alwood* v. *Mansfield*, 33 Ill. 458, or the cause remanded, not for a new trial, but with directions to the Circuit Court to enter the proper judgment, as in *Storing* v. *Onley*, 44 Ill. 123.

We are relieved from the necessity of any consideration of this request, by the fact that there is another error in the record which cannot be corrected save by another trial. It is this:

The declaration alleges, that the writ of injunction was sued out on the 22d of September, 1864, and that the injunction was dissolved on the 24th of October next thereafter. It appears from the record, the court permitted evidence of the price of the grain affected by the injunction, to be given on the 30th of November, a month and more after the dissolution of the injunction.

It is true, as contended by defendants, time is not usually an important element in establishing certain facts, but it is a very important one in determining the value of an article so fluctuating in price as grain, corn and oats. The proof of value should have been directed to what it was when the injunction issued, and when it was dissolved. These were the points of time specially alleged, and to which the attention of the defendants

in the action was particularly called by the pleadings. The proofs should have been confined to those days, as on those days the extent of the liability of the defendants in the action was to be measured. The price of grain might be much less on the 24th of October than it was on the 30th of November, and the damages to be recovered might be much less than those actually recovered.

For the errors specified, the judgment must be reversed and the cause remanded.

*Judgment reversed.*